Argued April 6, affirmed June 4, petition for rehearing denied June 22, 1976

BRAGGER et ux, *Appellants,*

*v.*

OREGON TRAIL SAVINGS & LOAN
ASSOCIATION, INC. et al, *Respondents.*

550 P2d 421

*Brad Littlefield,* of Goldsmith, Siegel, Engel & Littlefield, Portland, argued the cause and filed briefs for appellants.

*Mark McColloch,* of Powers & McColloch, Portland, argued the cause and filed a brief for respondent Oregon Trail Savings & Loan Association.

*Thomas J. Lekas,* Portland, argued the cause for respondents James E. Cartier and Robert L. Murray.

With him on the brief were Michael J. Kavanaugh, and Lekas & Dicey, Portland.

PER CURIAM.

## PER CURIAM.

Plaintiffs brought this suit to rescind their purchase of an ice cream and sandwich business from defendants Cartier and Murray and to rescind a lease of the premises on which the business was operated which was entered into with the defendant Oregon Trail Savings and Loan Association, Inc., of which Cartier and Murray were two of the principal officers. Plaintiffs appeal from a decree for defendants.

Plaintiffs claim that by both word and appearance it was represented that a large amount of glassware sold to them could be used to serve ice cream and soft drinks to patrons when, in fact, it could not be so used because there were no facilities upon the premises for cleaning and sterilizing glassware to the satisfaction of the regulations of the Board of Health, which defendants Cartier and Murray knew but did not disclose to plaintiffs. Plaintiffs claim the use of the glassware was of major importance to them in the public appeal that would be generated for their products.

While it is admitted by defendants that they failed to tell plaintiffs that the glassware could not be sterilized in conformance with regulation, defendants contend that it was explained to and understood by plaintiffs that they were being sold a "paper" operation (using only plastic and paper products to serve customers). Defendants testified that when informed of this, Mr. Bragger, one of the plaintiffs, said, "What are we going to do with all the glasses?" and was told, "I don't care what you do with them." It is defendants' claim that no representations concerning the glassware were made and that it was only after the plaintiffs' operation of the business proved to be unsuccessful that the glassware became of importance to plaintiffs.

The issue is one of fact, and the outcome is controlled by who is to be believed. The trial judge is in a much better position to assess the credibility of the witnesses than is this court and his conclusion that

there was no misrepresentation is entitled to considerable weight. Affording proper weight to the findings of the trial judge, we agree with his conclusion. *Haines Com'l Equip. Co. v. Butler,* 268 Or 660, 664, 522 P2d 472 (1974).

The decree of the trial court is affirmed.