In the Matter of the Compensation of
Ernest F. Erck, Claimant.

ERCK,
*Petitioner,*

*v.*

BROWN OLDSMOBILE et al,
*Respondents.*

(WCB 86-05134; CA A47689)

768 P2d 946

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Nelson R. Hall, Donald R. Wilson and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Randy G. Rice, Portland, argued the cause for respondents. With him on the brief was Beers, Zimmerman & Rice, Portland.

Before Joseph, Chief Judge, and Graber and Riggs, Judges.

PER CURIAM

Riggs, J., dissenting.

**PER CURIAM**

In this workers' compensation case, we review for substantial evidence. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988). The Board's order is sufficient for review, there is substantial evidence to support its findings, and its reasoning connects those findings to the conclusion. Therefore, we hold that the Board did not err in reversing the referee's award of permanent total disability.

Affirmed.

**RIGGS, J.,** dissenting.

If the Workers' Compensation Board reverses a referee, on judicial review this court must be furnished specific findings in the Board's opinion that substantiate the conclusions that are contrary to the referee's findings and conclusions of law. *Johnston v. James River Corp.*, 91 Or App 721, 722, 756 P2d 696 (1988).

In this odd lot case, the 62 1/2 year old, ninth grade educated claimant sought review of a determination order that awarded 30 percent unscheduled disability. Earlier, a referee had found claimant's claim compensable, and Orion Group/ EBI Companies referred the case to Orion Rehabilitation Services and then to Hetfield Associates, Inc., for return-to-work assistance.[1] Hetfield claimed non-cooperation and lack of motivation by claimant, resulting in the termination of assistance. Claimant argues that he cooperated with Orion and that Hetfield provided only superficial assistance. The referee, in detailed findings of fact and conclusions of law

---

[1] Claimant worked with an Orion rehabilitation counselor from February 25, 1985, until October 14, 1985, when Hetfield became the service provider. In February, 1986, the Hetfield rehabilitation counselor wrote to claimant indicating that she needed greater participation from him. Claimant's attorney wrote to the counselor on February 24, 1986, requesting clarification as to what conduct she was looking for and stating that claimant had worked well with Orion and was willing to work with the Hetfield counselor. The counselor sent a letter on March 26, 1986, outlining the rules for claimant to maintain his vocational assistance, and then on April 11, 1986, sent notice of the termination of his return-to-work assistance because of nonparticipation, effective immediately.

At the hearing, the Hetfield counselor admitted that she never looked into claimant's job search efforts with the Orion counselor, nor, in any of the three visits that she had with claimant, did she ever inquire about his own independent job search efforts.

found, among other things, that claimant was an honest, credible witness and concluded that the charge of lack of motivation was unfounded. The referee concluded that claimant was entitled to a permanent total disability award.

The Board's review was *de novo,* and it reversed the referee. After it recited some negative facts that pertained to the non-cooperation charge, it concluded that claimant had refused vocational assistance and therefore was not entitled to an award of permanent total disability. The Board did not address the referee's findings, which favored claimant, or his determination that claimant was credible. It is not evident whether the Board considered the Orion Rehabilitation Service records that were received in evidence after the hearing, which document claimant's ample efforts to find employment with and without the assistance of the rehabilitation service.

Our review requires that an order contain facts sufficient to justify a result contrary to the referee's. The Board's final order is not sufficient for that review. I would reverse and remand for reconsideration.