Argued and submitted April 17, 1991, CA A64366 affirmed; CA A65404 reversed and remanded in part; otherwise affirmed April 22, 1992

In the Matter of the Compensation of
Anita J. Bronson (Stratton), Claimant.

SENTROL, INC.,
*Petitioner,*

*v.*

Anita J. BRONSON (Stratton),
Ford Industries, Inc.,
and Industrial Indemnity,
*Respondents.*

(WCB 88-00828, 87-15926; CA A64366 (Control))

In the Matter of the Compensation of
Anita J. Bronson-Stratton, Claimant.

Anita J. BRONSON-STRATTON,
*Petitioner,*

*v.*

SENTROL, INC.,
*Respondent.*

(WCB 88-12537; CA A65404)
(Cases Consolidated)

829 P2d 741

Jerald P. Keene, Portland, argued the cause for petitioner/respondent Sentrol, Inc. With him on the briefs was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Robert Wollheim, Portland, argued the cause for respondent/petitioner Anita J. Bronson-Stratton. With him on the brief was Welch, Bruun and Green, Portland.

Todd C. Ainsworth, Portland, argued the cause and filed the brief for respondents Ford Industries, Inc., and Industrial Indemnity.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Petitions for judicial review by Sentrol, Inc. (employer) and by claimant were consolidated for review. In employer's case, the Workers' Compensation Board held that employer was responsible for claimant's condition, because it was a new injury and not an aggravation. In claimant's case, the Board denied compensation for chiropractic treatments and held that she was not entitled to attorney fees.

■ Claimant sustained a compensable back injury in 1979 while employed by Ford Industries, Inc., which was insured by Industrial Indemnity. She ultimately was awarded 10 percent unscheduled disability on an "Own Motion Claim" in 1987. In May or June, 1987, claimant began to work for employer. She filed a claim against employer and Ford Industries, Inc., for increased back pain resulting from lifting a box of parts while at work for employer. Both denied responsibility; compensability was conceded. The Board concluded that the incident while claimant was working for employer independently contributed to the worsening of her back condition. Employer argues that there was not substantial evidence to support findings that are the necessary predicate for that conclusion. There was conflicting medical evidence on the issue of responsibility. We are not persuaded that the Board misinterpreted it, as employer contends. There was substantial evidence to support the findings.

■ In a separate order, the Board held that the chiropractic treatments that claimant had received after her injury at employer were not reasonable and necessary, and so it upheld employer's denial. Claimant argues that there was not substantial evidence to support the Board's order, principally because the Board did not explain why it disregarded the referee's conclusion that claimant was credible. The Board depended on an analysis of several physicians' opinions that chiropractic treatment was not indicated and might be counter-productive. There was substantial evidence to support the facts found by the Board, and it was not required to explain its reasons for disregarding the referee's opinion on credibility. *Erck v. Brown Oldsmobile*, 311 Or 519, 815 P2d 1251 (1991).

■      Claimant sought attorney fees under ORS 656.386(1) for overturning employer's denial of her request for it to pay for a weight loss program prescribed by her chiropractor. Before the hearing on the denial, employer authorized the program. The Board denied attorney fees on the basis of its opinion in *Duane L. Jones*, 42 Van Natta 875. It concluded that there had to be a hearing and a ruling by the referee in order for claimant to be entitled to attorney fees. We held in *Jones v. OSCI*, 108 Or App 230, 814 P2d 558 (1991), that, under the 1991 amendment of ORS 656.386(1), a hearing and ruling is not a predicate to an award of attorney fees for prevailing on a denied claim. The Board erred by denying fees on that rationale. On remand, the Board should consider whether attorney fees are authorized by ORS 656.386. *See Short v. SAIF*, 305 Or 541, 754 P2d 575 (1988); *Shoulders v. SAIF*, 300 Or 606, 716 P2d 751 (1986).

CA A64366 affirmed; in CA A65404, attorney fees denial reversed and remanded for reconsideration and otherwise affirmed.