Argued and submitted July 23, affirmed December 8, 1993

In the Matter of the Compensation of
Steven E. Coghill, Claimant.

Steven E. COGHILL,
*Petitioner,*

*v.*

BEND MILLWORKS,
*Respondent.*

(91-08342; CA A77969)

865 P2d 437

Edward J. Harri argued the cause for petitioner. With him on the brief was Philip H. Garrow.

David P. Levine argued the cause for respondent. With him on the brief were Scott H. Terrall and Law Offices of Scott Terrall & Associates.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board holding that his low back condition is not compensable.

In December, 1990, claimant noticed low back pain. Over the next few months, claimant's symptoms increased. On May 10, 1991, claimant filed a workers' compensation claim.

Relying on claimant's account of the onset of his symptoms, each of the doctors who examined him related his condition to his employment as a millworker. Employer attempted to show that claimant's symptoms were caused by a ski accident. Two of claimant's co-workers testified that claimant had told them that he had injured his back while skiing. Claimant denied having told anyone at work that he had been injured while skiing. The referee found

> "claimant's testimony consistent with medical evidence and credible based on his demeanor. The employer's attempts to impeach both claimant and the history upon which the medical opinions are based, were less persuasive than claimant's testimony."

The referee found that claimant had suffered a series of traumatic events or occurrences in the course of his employment and that the employment was the major contributing cause of his disability and need for treatment. Accordingly, pursuant to ORS 656.802, the referee concluded that claimant had suffered a compensable occupational disease.

The Board reversed. Finding contradictions in claimant's testimony regarding the onset of his symptoms, the Board concluded that claimant was not a reliable witness. Additionally, it concluded that, because claimant had not told his doctors about the skiing accident, their opinions concerning the cause of the back condition were based on an inaccurate history. The Board found the medical opinions not persuasive for that reason, and determined that claimant had failed to establish that work was a cause of his low back condition.

■■■ Claimant contends that the Board erred in rejecting the referee's assessment of the evidence and his determination that claimant was credible. However, the Board was not required to accept the referee's credibility assessments, or even to address them. *See Erck v. Brown Oldsmobile*, 311 Or 519, 526-527, 815 P2d 1251 (1991). Our only responsibility in reviewing the Board's order is to determine whether it is supported by substantial evidence. *Erck v. Brown Oldsmobile, supra.* Although the factfinder could reasonably have gone the other way, we conclude that the Board's findings are supported by substantial evidence.

Affirmed.