Argued and submitted May 27, affirmed September 29, 1999

In the Matter of the Compensation of
Janet R. Christensen, Claimant.

FREIGHTLINER CORPORATION,
*Petitioner,*

*v.*

Janet R. CHRISTENSEN,
*Respondent.*

(97-04701; CA A101687)

986 P2d 1263

Deborah L. Sather argued the cause for petitioner. With her on the briefs were Tracy J. White, Krishna Balasubramani and Sather, Byerly & Holloway, LLP.

Meagan Flynn argued the cause for respondent. On the brief were Michelle K. McClure and Pozzi Wilson Atchison, LLP.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Warren, Senior Judge.

WARREN, S. J.

Edmonds, P. J., dissenting.

**WARREN, S. J.**

Employer seeks review of an order of the Workers' Compensation Board setting aside employer's denial of claimant's degenerative disc disease, spinal stenosis and herniated discs. We conclude that the Board's finding that employer accepted the conditions is supported by substantial evidence and that the Board correctly held that employer may not now deny claimant's conditions. Accordingly, we affirm.

In May 1996, claimant injured her back while working for employer. She sought treatment from Dr. Yarusso, who ordered multiple scans, including a CT scan and an MRI. The testing revealed that claimant had many problems. On May 28, 1996, Yarusso diagnosed spinal stenosis and herniated or bulging discs at L3, 4 and 5, compromising her spinal canal and a possible herniation at L5-S1. On May 29, 1996, Dr. Tanabe diagnosed chronic lumber strain, superimposed upon spondylitic changes in the lumber spine and mild to moderate lumbar stenosis.

Claimant filed a Form 801, indicating that the nature of the injury was "HNP Back." "HNP" means "herniated nucleus pulposus," or herniated disc. Employer checked the "accepted" box on the Form 801. On May 31, 1996, employer issued a notice of acceptance for "low back pain r/o HNP." Over the course of several months, doctors consistently diagnosed a herniated disc at L5-S1 with nerve root encroachment on the right side. Claimant began to undergo conservative treatment and ultimately received authorization to return to work. Medical opinions differ as to whether claimant's May 1996 injury is a contributing factor in her ongoing symptomatology.

Before claim closure, on June 4, 1997, employer issued a denial stating, in part:

> "[Employer] has accepted and processed your lumbar sprain/strain resulting from the May 16, 1996 injury. Drs James Yarusso and Franklin Wong both indicate that your injury combined with preexisting conditions (degenerative disc and joint disease, stenosis and herniation), that your condition is medically stationary, and the injury is no

longer the major contributing cause of the combined condition. Pursuant to ORS 656.262(7)(b), [employer] is hereby denying that your accepted injury is the major contributing cause of your combined condition and submitting your claim for closure."

Claimant protested the denial, and the Board set it aside, holding that employer had not accepted claimant's lumbar sprain/strain as a "combined condition," so it could not deny the preexisting conditions pursuant to ORS 656.262(7)(b). Rather, the Board held that, by accepting a claim for "back pain," employer had accepted outright the underlying conditions causing the pain, including each of claimant's preexisting back conditions. Employer seeks review of the Board's order, making the alternative arguments that its acceptance did not include the underlying conditions or that, even after acceptance, it could deny those conditions pursuant to ORS 656.262(6) and (7). We consider each argument in turn.

■ We first consider the scope of employer's acceptance. The Board rejected employer's argument that the language of the acceptance, "r/o HNP," indicated an intention to exclude a herniated disc or claimant's degenerative conditions from the scope of the acceptance and to accept only a back sprain/strain. The Board found that employer accepted a claim for "low back pain" and that claimant's low back pain was caused in part by spinal stenosis and degenerative disc disease, including herniated or bulging discs. Relying on *Georgia-Pacific v. Piwowar*, 305 Or 494, 501, 753 P2d 948 (1988), the Board held that, by accepting claimant's claim for low back pain, employer accepted the underlying cause or causes of the symptoms. The Board's findings as to the scope of employer's acceptance are supported by substantial evidence, and its conclusion with regard to the effect of *Piwowar* is correct. The question that remains is whether statutory provisions enacted since *Piwowar* provide authority for employer's denial of the previously accepted conditions.

■ ORS 656.262(6)(a) provides, in part:

"If the insurer or self-insured employer accepts a claim in good faith, in a case not involving fraud, misrepresentation or other illegal activity by the worker, and *later obtains evidence that the claim is not compensable* or evidence that the

insurer or self-insured employer is not responsible for the claim, the insurer or self-insured employer may revoke the claim acceptance and issue a formal notice of claim denial, if such revocation of acceptance and denial is issued no later than two years after the date of the initial acceptance. If the worker requests a hearing on such revocation of acceptance and denial, the insurer or self-insured employer must prove, by a preponderance of the evidence, that the claim is not compensable or that the insurer or self-insured employer is not responsible for the claim." (Emphasis added.)

Employer asserts that the quoted portion of subsection (6)(a) provides a ground for its denial of claimant's herniated discs and that the Board erred in failing to consider that statute. In light of employer's acknowledgment that it was aware of the possibility that claimant had herniated discs at the time it issued its acceptance of the claim, there was no error on the part of the Board in rejecting employer's assertion that the claim could be denied on the basis of newly discovered evidence. For the same reason, we reject employer's assertion that its denial is authorized by ORS 656.262(6), which provides, in part:

"(b) The notice of acceptance shall:

"* * * * *

"(F) Be modified by the insurer or self-insured employer from time to time as medical or other information changes a previously issued notice of acceptance."

■ Employer asserts that, even assuming that the original acceptance included claimant's herniated discs and her other degenerative conditions, those conditions were accepted as preexisting conditions that "combined" with claimant's "otherwise compensable" injury of back strain, and that, under ORS 656.005(7)(a)(B),[1] ORS 656.262(6)(c)[2]

---

[1] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

[2] ORS 656.262(6)(c) provides:

and ORS 656.262(7)(b),[3] employer may deny those conditions when the "compensable injury," *i.e.*, back strain, is no longer the major contributing cause of claimant's combined condition. Employer asserts, further, that medical records shows that claimant's back strain has resolved and causes less than 50 percent of her current condition. Accordingly, employer contends, its denial is valid, because the accepted injury is no longer the major contributing cause of the worker's combined condition.

Employer misunderstands the effect of *Piwowar* and the significance of the scope of its acceptance. By accepting claimant's low back pain, employer accepted all the conditions that the medical evidence shows underlie the low back pain, including claimant's preexisting degenerative back conditions. Those conditions are accepted as compensable conditions in and of themselves, independent of the back strain. Although they may, in fact, combine with her back strain or sprain, it does not follow that employer's acceptance was of a combined condition as a matter of law. Employer did not accept only claimant's back sprain/strain. If it had, then claimant's preexisting conditions could properly be viewed as preexisting conditions that combine with the accepted injury. Employer accepted claimant's low back pain. Under *Piwowar*, employer's acceptance encompassed each condition causing the pain. They are, in and of themselves, independently compensable because they were accepted. The statutes that employer cites in support of its position are dependant on the existence of a combined condition in the legal sense. A combined condition in the legal sense is a compensable injury that combines with a preexisting condition or

---

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005 (7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

[3] ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

conditions. ORS 656.005(7)(b)(B). Here, the accepted conditions are each of the conditions that are deemed accepted under *Piwowar*. Although, as a matter of fact, the preexisting conditions did combine to give rise to claimant's need for treatment, they are compensable in their own right as a matter of law under *Piwowar* and may not be denied.

For the reasons explained, we conclude that the Board did not err in setting aside employer's denial of claimant's condition.

Affirmed.

**EDMONDS, P. J.,** dissenting.

The majority, in arriving at the conclusion that ORS 656.262 does not permit employer to deny compensation for claimant's previously accepted degenerative back conditions, says,

> "[b]y accepting claimant's low back pain, employer accepted all the conditions that the medical evidence shows underlie the low back pain, including claimant's preexisting degenerative back conditions. Those conditions are accepted as compensable conditions in and of themselves, independent of the back strain. * * * Employer accepted claimant's low back pain. Under [*Georgia Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988)], employer's acceptance encompassed each condition causing the pain. They are, in and of themselves, independently compensable because they were accepted." 163 Or App at 196.

Nonetheless, the majority concludes,

> "The statutes that employer cites in support of its position are dependent on the existence of a combined condition in the legal sense. A combined condition in the legal sense is a compensable injury that combines with a preexisting condition or conditions. ORS 656.005(7)(b)(B). Here, the accepted conditions are each of the conditions that are deemed accepted under *Piwowar*. Although, as a matter of fact, the preexisting conditions did combine to give rise to claimant's need for treatment, they are compensable in their own right as a matter of law under *Piwowar* and may not be denied." 163 Or App at 196-97.

According to the majority, what employer accepted were uncombined conditions or degenerative conditions that existed "independently." Apparently the majority understands employer to have accepted each of those conditions separately, but not their combined effect. An example of "accepted independent conditions" would be if an employer accepted the disability from a broken leg and a broken arm arising out a work-related incident. Each acceptance of those conditions would constitute the acceptance of discrete conditions. Here, however, "low back pain" was the condition expressly accepted by the employer. Thus, the evidence is contrary to the majority's assertion that what were accepted were independent conditions.

In addition, the underlying conditions, the lumbar sprain/strain from the work-related injury and degenerative injuries that preexisted the injury, are also deemed accepted by operation of law under the rule of *Piwowar* because the work-related injury and the preexisting degenerative diseases combined to cause the low back pain. A "combined condition" exists when a compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment. ORS 656.005(7)(a)(B). Thus, by statutory definition, the low back pain condition accepted by employer was a "combined" condition that included the strain/sprain and the degenerative diseases. Unlike the example of an acceptance of disability from a broken leg and a broken arm, the strain/sprain and the preexisting degenerative conditions are no more "independent" of the low back pain or of each other than any other underlying conditions that combine to cause an expressly accepted condition.

The majority's true concern arises from its unwillingness to recognize that the legislature decided in 1995 and 1997 to permit employers to deny accepted conditions when the work-related injury no longer is the major contributing cause of the combined condition. *See SAIF v. Belden*, 155 Or App 568, 573-74, 964 P2d 300 (1998), *rev den* 328 Or 330 (1999) (explaining that the purpose of the amendments to ORS 656.262(6) is to authorize a preclosure denial of an accepted combined condition when there has been the requisite change of circumstances). In substance, the majority carves out an exception to the amendments by treating

acceptances under *Piwowar* differently under the amendments than other acceptances of combined conditions. Thus, it necessarily concedes that as "a matter of fact," the underlying conditions combined to cause the accepted condition.

Further, the majority's "matter of law" reasoning is contrary to the legislature's intent when the legislature amended ORS 656.262 in 1995 and 1997. The majority's reasoning must mean that the acceptance of a "combined condition" has different meanings, depending on the circumstances of the acceptance. When the issue is one of statutory interpretation, the first level of analysis is the text and context of the statutes themselves. We are bound to carry out the legislature's intention, and we have no authority to change or add to the meanings of statutes. ORS 174.010 and ORS 174.020. Moreover, when the Supreme Court interprets a statute, that interpretation becomes part of the statute as if it were written into the statute at the time of its enactment. *Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995). There is only one definition of a "combined condition" in ORS chapter 656. *See* ORS 656.005(7)(a)(B). Nowhere in the statutory language that controls this issue does the distinction that the majority makes between acceptances under *Piwowar* and other acceptances of combined conditions appear.

The understanding that acceptances of combined conditions under *Piwowar* are acceptances for purposes of ORS 656.262(6)(c), which incorporates ORS 656.005(7) by reference, is further supported by the Supreme Court case law interpreting the statute. The holding in *Piwowar* reflects an interpretation of ORS 656.262(2) (1987).[1] 305 Or at 499-500. In *Bauman v. SAIF*, 295 Or 788, 793-94, 670 P2d 1027 (1983), the court, in interpreting ORS 656.262 (1981), held that once an employer accepts a claim, it must compensate for that claim and whether the claim turns out to have arisen from a noncompensable cause is irrelevant. Then, the court held in *Barrett v. D & H Drywall*, 300 Or 325, 330-31, 709 P2d 1083 (1985), that the disability from a compensable

---

[1] ORS 656.262(6) (1987) provided, in relevant part: "Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employee within 60 days after the employer has notice or knowledge of the claim. * * *"

injury included the loss of earning capacity arising from a previously asymptomatic osteoarthritis that had become symptomatic because of the compensable injury. Next, the court held in *Johnson v. Spectra Physics*, 303 Or 49, 58, 733 P2d 1367 (1987), that an employer could partially deny a claim if it specifies which injuries or conditions it accepts and which it denies.

In *Piwowar,* the court considered its interpretations of ORS 656.262(6) in *Johnson* and *Bauman* and held that, when read together, they require the employer to compensate the claimant for the specific condition in the notice of acceptance, regardless of the causes of the condition accepted. 305 Or at 501. Thus, by accepting the condition "sore back," after the claimant had strained her back during work, it also accepted the preexisting ankylosing spondylitis that was contributing to the condition of the sore back. The court reasoned,

> "Allowing an insurer to deny compensation for a previously-accepted condition once it learns that the condition is attributable to a specific noncompensable disease opens the door to instability, uncertainty and delay. This is precisely the kind of vacillation which this court found unacceptable in *Bauman*[.]" 305 Or at 501 (citation omitted).

The enactment of ORS 656.262(6)(c) in 1995 reflects an intention by the legislature to permit under certain circumstances what had been forbidden before: the denial of an accepted combined condition. *SAIF v. Belden*, 155 Or App at 573. ORS 656.262(6)(c) now provides,

> "An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

As is evident from the above analysis, the acceptance of a combined condition under the rule of *Piwowar* is treated no differently by the applicable statutes from the express

acceptance of combined conditions. When "an otherwise compensable injury combines *at any time* with a preexisting condition to cause * * * *disability* * * * the combined condition is compensable only [for] so long as" the compensable injury is the major contributing cause of the disability of the combined condition or the need for treatment of the combined condition. ORS 656.005(7)(a)(B) (emphasis added). Merely because the acceptance of a combined condition under *Piwowar* occurs by operation of law does not make it any less of a combined condition under the statutory definition. The majority errs by not giving effect to ORS 656.262(6)(c) as intended by the legislature.

The law is clear that an employer is permitted to deny an accepted combined condition when a compensable injury ceases to be the major contributing cause of the combined condition. *Belden*, 155 Or App at 574. The Board did not reach that issue in this case because of its conclusion that there was no combined condition. For the reasons stated above, I would remand to the Board for reconsideration of that issue.