Argued and submitted October 12, 2001, reversed and remanded for
reconsideration November 13, 2002

In the Matter of the Compensation of
Charles F. Klutsenbeker, Jr., Claimant.

Charles F. KLUTSENBEKER, Jr.,
*Petitioner,*

*v.*

JACKSON COUNTY,
*Respondent.*

98-06559, 98-04553, 97-07040; A112885

57 P3d 925

Robert F. Webber argued the cause for petitioner. With him on the briefs were Arthur W. Stevens and Black, Chapman, Webber & Stevens.

Damon L. Vickers argued the cause for respondent. On the brief were Brian M. Solodky and Cummins, Goodman, Fish, Denley & Vickers, P.C.

Before Edmonds, Presiding Judge, and Kistler and Schuman,* Judges.

SCHUMAN, J.

---

* Schuman, J., *vice* Armstrong, J.

**SCHUMAN, J.**

Claimant requested that employer expand the scope of two claim acceptances, each relating to a separate employment-related back injury. Employer denied the requests. An administrative law judge (ALJ) and then the Workers' Compensation Board (board) affirmed. Claimant seeks judicial review. We affirm the denial of one request and, on the other denial, we reverse and remand for reconsideration.

On April 16, 1997, claimant experienced back pain while at work. He made a claim for workers' compensation benefits. Medical evidence established that the pain resulted from a strain, herniated discs, and degenerative spine disease. Employer accepted the claim insofar as it involved the strain but denied the compensability of the degenerative spine disease and disc herniations. Claimant then filed requests that employer expand its acceptance of two earlier accepted claims so as to include those denied conditions. Claimant maintained that employer's acceptance of a claim stemming from a 1985 work injury encompassed degenerative spine disease and that an acceptance of a "low back condition" resulting from a 1986 work injury encompassed disc herniations. Claimant, in other words, argued that, to the extent his 1997 condition resulted from degenerative spine disease and disc herniations, the 1997 causes were already accepted as part of the earlier acceptances. We deal with each earlier acceptance in turn.

## THE 1985 CLAIM

■ On August 1, 1985, claimant hurt his back while bending and pulling at work. His physician diagnosed lumbosacral strain and sciatica, but when conservative treatment did not lead to improvement, a follow-up examination revealed a large herniated disk at L4-5. After an additional period of conservative treatment, claimant was released to work. Litigation regarding compensability and responsibility for this injury resulted in an order issued by an ALJ (the prior ALJ) in August 1987 compelling claimant's then-insurer to accept his "low back condition, including herniated disc." At that time, no law required an employer to make a specific "Notice of Acceptance." Claimant now argues that

employer, in following the prior ALJ's mandate to accept the claim, necessarily accepted the claim as articulated by the prior ALJ: "low back condition, including herniated disc." According to claimant, because that phrase states that the condition *included* a herniated disc, it must imply that the condition consisted of more than just the herniated disc; it must also have included degenerative spine disease. Further, claimant argues that, under the rule announced in *Georgia-Pacific v. Piwowar*, 305 Or 494, 501, 753 P2d 948 (1988), employer is bound by the language of the acceptance, and language accepting a symptom or condition necessarily also accepts any underlying condition that is a cause of the symptom or condition—here, degenerative disc disease. Finally, claimant argues that a medical opinion obtained in 1998, based on review of a 1985 CT scan, confirms that, at the time of the 1985 claim, claimant already suffered from degenerative spine disease.

■      Like the ALJ and the board, we find claimant's arguments unpersuasive. The scope of an acceptance is a matter of fact; we will affirm the board's resolution of that matter if it is supported by substantial evidence. *SAIF v. Dobbs*, 172 Or App 446, 451, 19 P3d 932, *adh'd to on recons*, 173 Or App 599, 23 P3d 987 (2001); *Freightliner Corp. v. Christensen*, 163 Or App 191, 194, 986 P2d 1263 (1999). Where there is no written acceptance, "determining the scope of acceptance requires examination of the medical records contemporaneous with the injury to determine what the parties contemplated * * *." *Gilbert v. Cavenham Forest Industries Division*, 179 Or App 341, 344, 39 P3d 883 (2002). Under those precepts, we reject claimant's contention that an opinion rendered in 1998 bears on the scope of employer's acceptance of the 1985 claim; the 1998 opinion obviously has little or no relevance to what the parties contemplated over a decade earlier.

Further, evidence in the record supports employer's contention that the acceptance relating to the 1985 claim did not extend beyond the herniated disc. In particular, the prior ALJ relied on the opinion of Dr. Dunn; the prior ALJ characterized that opinion as establishing that claimant's condition in 1985 resulted from an "injury" and not a "disease." That fact alone constitutes substantial evidence that the earlier

acceptance did not encompass any underlying disease. *See Erck v. Brown Oldsmobile*, 311 Or 519, 815 P2d 1251 (1991).

Nor does *Piwowar* help claimant. As we stated in *Hill v. Qwest,* 178 Or App 137, 141, 35 P3d 1051 (2001), the case law establishes that,

> "when an employer accepts a symptom * * * or a condition * * * it also accepts the underlying preexisting disease or condition that is the cause of the accepted symptom or condition; however, if the accepted condition or symptom and the preexisting condition are separate conditions, that is, if there is no cause-and-effect relationship between them, then the accepted condition does not include the preexisting condition or disease * * *."

As discussed above, we leave intact the board's finding that employer accepted only a herniated disc at L4-5. Claimant could therefore prevail under *Piwowar* only if he could establish that his degenerative spine disease was a cause of that herniated disc. He does not make that argument, and it would not have succeeded if he had.

The board did not err in denying claimant's request to expand the scope of the acceptance of the 1985 claim.

## THE 1986 CLAIM

■ In June 1986, claimant slipped and fell at work, causing extended periods of pain in his back and down both legs. He filed a claim for workers' compensation benefits, using the standard "801 Form." On that form, he claimed a "lower back injury" and, in the box designated "cause," wrote "not known at this time." Employer accepted the claim in that form. Subsequent medical examinations revealed disc herniations at L2-3 and L4-5 and disc bulges at L3-4 and L4-5. Once again relying on *Piwowar*, claimant argues that the acceptance of the 1986 claim was broad enough to encompass disc herniations at L3-4, L4-5, and L5-S1. The board concluded that this request, like the request to expand the acceptance of the 1985 injury, was based on an unclear acceptance; it then looked to the contemporaneous medical records and determined that they did not attribute claimant's symptoms to herniated discs. For that reason, the board affirmed employer's denial of claimant's request.

In this instance, *Piwowar* applies. Respecting the 1985 claim, there was no written acceptance. Employer was ordered to accept claimant's "low back condition" by the ALJ. That fact distinguished the 1985 claim from *Piwowar*. Respecting the 1986 claim, on the other hand, the employer's signature on the 801 form constitutes a written acceptance. *See SAIF v. Tull*, 113 Or App 449, 452-53, 832 P2d 1271 (1992) (rejecting argument that 801 form is not acceptance). It is not a precise acceptance, but that is no bar to the application of *Piwowar*. Indeed, the function of the rule in *Piwowar* is, among other things, to determine the scope of ambiguous or vague acceptances such as "sore back," *Piwowar*, 305 Or at 496; "low back pain," *Freightliner Corp.*, 163 Or App at 194; and "low back disability," *Hill*, 178 Or App at 141. Thus, if claimant's "lower back injury" of "unknown" cause was the result of degenerative spine disease or disc herniations, then those herniations were accepted.

As noted above, the board held that *Piwowar* did not apply and instead examined contemporaneous medical records to determine if they indicated that the acceptance included disc herniations. The board found that claimant's 1986 injury did not result from herniated discs but from a "new incident." The board relied on the opinion of Dunn that claimant had a "definitive exacerbation from a new incident as he was totally asymptomatic from his previous incident." Later examinations after claim closure, however, revealed disc herniations, and, in 1988, Dunn performed a diskectomy. Under *Piwowar*, that later evidence is relevant; *Piwowar* allows recovery when the medical condition underlying the accepted symptom or condition is discovered after acceptance, if the underlying condition is the cause of the accepted symptom or condition. 305 Or at 496-98.

The board's determination that the acceptance did not include disc herniations was based on the medical evidence available at the time of the acceptance. Because it did not apply *Piwowar*, the board did not reach a finding regarding the underlying cause of claimant's 1986 "low back condition" based on all of the medical evidence, including the examinations after acceptance. The board's failure to apply *Piwowar*, then, led it to disregard evidence that it should

have considered in determining whether employer's acceptance included disc herniations. On remand, the board should determine whether, in light of all the evidence, including evidence acquired after acceptance, claimant's 1986 "low back injury" of then-"unknown" cause resulted, in fact, from disc herniations. If it did, the herniations are within the scope of acceptance.

Reversed and remanded for reconsideration of denial of claim to expand employer's acceptance of claimant's 1986 claim.