Submitted on petition for writ of habeas corpus April 18, writ of habeas corpus issued May 12, 1995

In the Matter of the Application of
Marc Mealey Holcomb for a
Writ of Habeas Corpus.

MARC MEALEY HOLCOMB,
*Plaintiff,*

*v.*

Benjamin SUNDERLAND,
Director of the Lane County Corrections
Division of the Public Safety Department
of Lane County, Oregon,
and Robert McManus,
Sheriff of Lane County,
*Defendants.*

(SC S42212)

894 P2d 457

William P. Ray, Eugene, filed the petition and response memorandum on behalf of plaintiff.

David B. Williams, Assistant County Counsel, Lane County Office of Legal Counsel, Eugene, filed a response memorandum on behalf of defendants.

Timothy A. Sylwester, Assistant Attorney General, Salem, filed a response memorandum on behalf of *amicus curiae* State of Oregon. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

UNIS, J.

**UNIS, J.**

On April 18, 1995, plaintiff petitioned this court for a writ of habeas corpus, asserting that he is entitled to be released from the Lane County jail, where he is serving 90 days pursuant to a judgment of the circuit court on a plea of guilty to the crime of assault in the fourth degree. That judgment placed him on probation to the court for five years and ordered, as a condition of that probation, that plaintiff serve 90 days in the Lane County jail. Judgment was entered on or about March 6, 1995, and plaintiff's anticipated release date is May 26, 1995.

Relying on ORS 137.320(4) and related statutes, plaintiff asserts that the sheriff is obliged by law to credit him with time that he served in jail after arrest and before judgment. If that time were credited against his jail time, he currently would be entitled to release. Plaintiff also asserts that denial of credit for time served would violate his state and federal constitutional rights to equal privileges and immunities and equal protection, respectively.[1]

■   Defendants and the state, which has appeared *amicus curiae* at the request of the court, assert that *State v. McClure*, 295 Or 732, 670 P2d 1009 (1983), controls the disposition of this case. They assert that *McClure* interpreted and applied the same statutes to the same basic facts to conclude that the statutes did not authorize credit for time served before judgment when jail time was imposed as a condition of probation. Petitioner acknowledges that at one time *McClure* would have been dispositive of his claim, but contends that later revisions to the statutory structure surrounding the *McClure* decision should yield a different result now.

Charles Frederick McClure was arrested on Christmas Day, 1981, for assaulting a police officer and resisting arrest. He then spent 49 days in the county jail, was released, and ultimately was found guilty at trial. The trial judge suspended imposition of sentence and placed McClure on probation for two years, conditioned on McClure's spending

---

[1] Our disposition of this case on statutory grounds means that we need not reach the constitutional issues. *See Zockert v. Fanning*, 310 Or 514, 520, 800 P2d 773 (1990) (stating principle).

the first 90 days in jail. Having already spent 49 days in jail and having received no credit for it by the trial court, McClure appealed, seeking the credit. 295 Or at 734.

McClure relied on ORS 137.320(4) and 137.390, which incorporated ORS 137.370 by reference.[2] ORS 137.320(4) provided:

"When the judgment is imprisonment in the county jail * * *, the judgment shall be executed by the sheriff of the county. The sheriff shall compute the time the defendant was imprisoned after arrest and prior to the commencement of the term specified in the judgment. Such time shall be credited towards the term of the sentence."

ORS 137.390 provided:

"The commencement, term and termination of a sentence of imprisonment in the county jail is to be ascertained by the rule prescribed in ORS 137.370 * * *."

ORS 137.370(2)(a) provided:

"(2)  [W]hen a person is sentenced to imprisonment in the custody of the Corrections Division [now the Department of Corrections], for the purpose of computing the amount of sentence served the term of confinement includes only:

"(a)  The time that the person is confined by any authority after the arrest for the crime for which sentence is imposed * * *."

After quoting those statutes, this court stated unequivocally:

"If defendant had actually received a sentence of imprisonment, either in a county jail or in the custody of the Corrections Division, the statutes make it clear that his post-arrest imprisonment time, or 'back time,' must be credited to his sentence." 295 Or at 735.

The court then distinguished McClure's situation from the situation in which McClure "clearly" would have been entitled to credit for the time that he had served in jail. In concluding that McClure had not "received a sentence of imprisonment," the court recognized two key facts: first, the trial judge "suspended imposition of defendant's sentence"; second, McClure had been placed on probation. *Id.* The court

---

[2] Those statutes remain unchanged, except that the Corrections Division is now the Department of Corrections.

then made four points that pertained to those facts: (a) ORS 137.540(2)(a), relating to probation only, does not require that back time (time spent in jail after arrest and before judgment) be credited; (b) probation is not the same as "imposition of a sentence." This statement is supported by reference to ORS chapter 137, which "clearly separates" the two; (c) probation is an "alternative" to the imposition of a sentence, with citation to ORS 137.010 as support; (d) the statutes at issue had been amended several times, and the legislature could have required credit if it had meant to. *Id.* at 735-36.

We examine each of those points in turn. First, plaintiff in this case was sentenced to probation, with jail time as a condition of that probation. Unlike in *McClure*, the imposition of sentence was not suspended. Second, *McClure* states that the statute authorizing probation, ORS 137.540-(2)(a),[3] does not also expressly require that back time be credited. That statement is true, but has nominal import, because little is proved by the fact that a statute on one subject is silent on another.

Third, and most importantly, defendants and the state acknowledge that statutory revisions since *McClure* mean that it can no longer be said that probation is not a sentence or that probation is an alternative to a sentence. Presently, probation is a sentence. Accordingly, the core underpinning of *McClure* no longer exists.

■ The 1989 and 1993 revisions to the sentencing statutes now make it clear that a judgment of probation is the imposition of a sentence. *See, e.g.*, ORS 137.523 (providing procedures when "the judge sentences the defendant to confinement in a county jail as a condition of probation"); ORS 138.222 (dealing with appeals from a "sentence of probation"). Moreover, since the *McClure* decision, ORS 137.010, the statute on which the court relied for the assertion that

---

[3] ORS 137.540(2)(a) provides:

"In addition to the general conditions, the court may impose any special conditions of probation * * * including but not limited to, that the probationer shall:

"(a) * * * be confined to the county jail * * * for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser."

probation is an alternative to the imposition of a sentence, has been amended in multiple respects. ORS 137.010 now stands for the contrary proposition, namely, that a judgment of probation *is* the imposition of a sentence. *See, e.g.*, ORS 137.010(4) ("the court may also impose and execute a sentence of probation"). These statutory revisions have, therefore, changed the underlying law since *McClure* was decided.

The last point relied on by the court in *McClure* — post-enactment legislative inaction — arguably is contrary to the generally accepted means of determining legislative intent. The proper inquiry focuses on what the legislature intended at the time of enactment and discounts later events. *See DeFazio v. WPPSS*, 296 Or 550, 561, 679 P2d 1316 (1984) ("[t]he views legislators have of existing law may shed light on a new enactment, but is of no weight in interpreting a law enacted by their predecessors"). That is particularly true in this instance, when there was no apparent event (court decision or otherwise) before *McClure* to trigger express legislative consideration of the issue that the *McClure* court decided; nor was there any history relied on by the court in *McClure* to suggest that the legislature had ever considered the issue.

In the ordinary case, when this court interprets a statute, that interpretation becomes part of the statute as if it were written into the law at the time of its enactment. *See, e.g., State v. King*, 316 Or 437, 445, 852 P2d 190 (1993); *State v. Carmickle*, 307 Or 1, 16, 762 P2d 290 (1988) (Gillette, J., dissenting) (prior to the 1989 and 1993 statutory revisions; adhering to *McClure*, despite a stated belief that it was incorrectly decided). In this case, however, all the stated bases for the decision in *McClure* either do not apply, are no longer correct because of later statutory revisions, or provide only marginal support for the conclusion. Under those circumstances, some reexamination of the prior statutory construction is appropriate.

Although the text of ORS 137.320(4), 137.370(2)(a), and 137.390 has not changed since *McClure*, the statutory context for those provisions clearly has changed, and the court's reliance on the statutory context was essential to its decision in *McClure*. This court has posited that, at the first level of analysis, the court seeks to determine the intent of the

legislature in enacting a statute by reference to the statute's text *and* its context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

■     Not only is the statutory context for the decision in *McClure* now different, but the *McClure* decision's textual emphasis on whether probation was a "sentence" excluded examination of another key term in the statutory text, whether a judgment of probation, with jail time as a condition, is a judgment of "imprisonment." We agree with the conclusion in *McClure* that, if a convicted defendant receives a judgment with a sentence of imprisonment, then the defendant "clearly" is entitled under the statutes to back time credit for the days spent in jail after arrest and before judgment. 295 Or at 735. We turn then to consider whether a sentence of probation, with jail time as a condition of probation, qualifies as a judgment of imprisonment for which back time credit must be afforded.

     ORS 137.320(4) provides that the sheriff shall execute a judgment of "imprisonment in the county jail." The statute then obligates the sheriff to compute the time during which the defendant was "imprisoned after arrest and prior to the commencement of the term specified in the judgment." Having directed that this computation be made, the law then provides that "[s]uch time shall be credited towards the term of the sentence." This provision is consonant with ORS 137.390, which incorporates ORS 137.370 by reference, and which provides that computation of a "sentence of imprisonment in the county jail" shall include the "time that the person is confined by any authority after the arrest."

■     By the terms of those statutes, "imprisonment" must include time spent in the county jail. That includes time spent before the term specified in the judgment and also time spent after the judgment. Also by the terms of ORS 137.320(4), read in context, the time spent "imprisoned" after arrest must be credited "towards the term of the sentence," which now includes a sentence of probation. Similarly, by the terms of ORS 137.390 and 137.370(2)(a), read in context, the time spent "confined by any authority after the arrest" must be credited towards the "term of confinement" when a person is subject to a "sentence of imprisonment in

the county jail'' — which ''sentence'' now includes a ''sentence'' of probation.

Based on the text and context of the pertinent statutory provisions, we conclude that plaintiff in this case is entitled to credit for the time that he served in the Lane County jail after arrest and before judgment. That judgment sentenced plaintiff to 90 days ''imprisonment in the county jail,'' albeit as a condition of probation; the ''term and termination'' of a ''sentence of imprisonment in the county jail'' must credit the ''time that the person is confined by any authority after the arrest.'' ORS 137.320(4); 137.390; 137.370(2)(a).

Accordingly, a writ of habeas corpus shall issue forthwith. The Lane County Sheriff shall compute the time during which plaintiff was imprisoned after arrest and before commencement of the 90-day sentence of imprisonment in the county jail specified in the judgment. That time shall be credited towards the term and termination of the 90-day sentence of imprisonment.