Argued and submitted January 27, 2016, affirmed September 20, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONOVAN HINKLE,
*Defendant-Appellant.*

Deschutes County Circuit Court
13FE0225; A156504

404 P3d 986

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for one count of felony failure to report as a sex offender, *former* ORS 181.599 (2011), for failing to report his new address after he moved residences.[1] A failure to report a move and new address is a felony if "the crime for which the person is required to report is a felony." *Former* ORS 181.599 (3)(b)(B) (2011). If the crime that triggers the reporting requirement is not a felony, then the failure to report is a misdemeanor. *Former* ORS 181.599(3)(a) (2011). Defendant has an out-of-state juvenile adjudication for first-degree child molestation that would have been a felony in Oregon had it been committed by an adult. Defendant contends, however, that the juvenile adjudication that triggered his reporting requirement was not a felony because juvenile adjudications are not adjudications for crimes and, therefore, cannot be adjudications for felonies. Hence, according to defendant, the trial court erred in denying his motion for a judgment of acquittal of the crime of felony failure to report. The state responds that the phrase "the crime for which the person is required to report" refers to the statutory offense giving rise to the reporting requirement. Hence, according to the state, defendant's failure to report constituted a felony because the statutory offense for which he was adjudicated as a juvenile was a felony offense. As explained below, we agree with the state and, accordingly, affirm.

The facts are few and not in dispute. Defendant has a 2006 Washington juvenile adjudication for first-degree child molestation, which would have been a felony offense had defendant been convicted of the offense in Oregon as an adult. Defendant moved his residence in Oregon in 2012 and knowingly failed to report his move and new address to the appropriate Oregon authority. When the state discovered

---

[1] Defendant was convicted under *former* ORS 181.599 (2011). That statute has been renumbered twice and amended three times since defendant's conviction. *See former* ORS 181.812 (2013); ORS 163A.040; Or Laws 2015, ch 820, § 9; Or Laws 2016, ch 95, § 4a; Or Laws 2017, ch 418, § 1. A 2015 law also altered aspects of the reporting statute, ORS 163A.025. *See* Or Laws 2015, ch 820, § 8. Nevertheless, the enforcement statute, now codified at ORS 163A.040, has not been altered since 2011 in a manner that bears on the issues on appeal in this case. For consistency, we refer to the 2011 version of those statutes.

that defendant had moved without reporting his move, the state charged defendant with felony failure to report as a sex offender.

Defendant demurred to the felony charge, contending that his juvenile adjudication was not for a felony crime, and, thus, he should not have been charged with felony failure to report. The trial court denied the demurrer. Defendant raised the same issue again in his stipulated-facts trial, arguing that the evidence was legally insufficient to convict him of felony failure to report, and, thus, the court was required to acquit him of that crime. The trial court disagreed and convicted defendant of felony failure to report as a sex offender. On appeal, defendant assigns error to both rulings. We address only the trial court's denial of defendant's motion for judgment of acquittal because our resolution of the legal issue on that assignment of error also disposes of defendant's assignment of error on the denial of the demurrer.

We begin with a brief overview of the relevant sex-offender reporting statutes. Under *former* ORS 181.609 (1)(b) (2011), *renumbered as former* ORS 181.809(1)(b) (2013), ORS 163A.025(1)(d), a person is subject to the sex-offender registration and reporting requirements if the person "has been found in a juvenile adjudication in another United States court to have committed an act while the person was under 18 years of age that would constitute a felony sex crime if committed in this state by an adult." One of the reporting requirements in *former* ORS 181.609 (2011) is a requirement to report within 10 days of a change of residence. *Former* ORS 181.609(3)(a) (2011). The statute under which defendant was convicted, *former* ORS 181.599 (2011), applies to, among others, people who are subject to the reporting requirements in *former* ORS 181.609 (2011) and makes failing to report a crime. *Former* ORS 181.599 (2011) provided, in part:

> "(1) A person who is required to report as a sex offender in accordance with the applicable provisions of ORS 181.595, 181.596, 181.597 or 181.609 and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person:

"* * * * *

"(d)   Moves to a new residence and fails to report the move and the person's new address;

"* * * * *

"(3)(a)   *Except as otherwise provided in paragraph (b) of this subsection, failure to report as a sex offender is a Class A misdemeanor.*

"(b)   Failure to report as a sex offender is a Class C felony if the person violates:

"(A)   Subsection (1)(a) of this section; or

"(B)   *Subsection (1)(b), (c), (d) or (g) of this section and the crime for which the person is required to report is a felony.*"

(Emphases added.) Thus, the crime of failure to report as a sex offender based on moving to a new residence and failing to report the move and a new address is a felony only if the underlying crime that triggered the reporting requirement is a felony. Here, we must resolve whether defendant's juvenile adjudication that triggered his reporting requirement is for a felony crime for purposes of *former* ORS 181.599 (3)(b) (2011).

Defendant's argument on appeal is relatively straightforward. Defendant argues that, because juvenile adjudications do not constitute convictions for crimes under Oregon law, his juvenile adjudication cannot constitute a conviction for a felony. *See* ORS 419C.400(5) ("An adjudication by a juvenile court that a youth is within its jurisdiction is not a conviction of a crime or offense."); ORS 161.525 ("Except as provided in ORS 161.585 and 161.705, *a crime is a felony* if it is so designated in any statute of this state or if a person convicted under a statute of this state may be sentenced to a maximum term of imprisonment of more than one year." (Emphasis added.)); *see also State ex rel Juv. Dept. v. Johnson,* 168 Or App 81, 87, 7 P3d 529 (2000) ("Juvenile adjudications are not crimes." (Internal quotation marks omitted.)). From that, defendant reasons that the stipulated facts in his trial—which were based on his juvenile adjudication—were insufficient to convict him of felony failure to report. As a result, defendant argues, he could be convicted

only of a misdemeanor for his failure to report his change of address, *former* ORS 181.599(3)(a) (2011).

The state responds that the relevant phrase in *former* ORS 181.599(3)(b)(B) (2011)—*viz.*, "the crime for which the person is required to report is a felony"—refers to the underlying statutory offense that gives rise to the reporting requirement. Thus, the state contends that it is immaterial whether the underlying proceeding resulted in a criminal conviction or a juvenile adjudication. To support its argument, the state relies on the history of the legislative enactments that led to *former* ORS 181.599 (2011). We turn to that legislative history because we agree with the state that it resolves the issue in this case.

The legislature enacted the first sex-offender-reporting requirements in 1989. *See* Or Laws 1989, ch 984, §§ 1-3, *codified at former* ORS 181.517 - 181.519 (1989). Those requirements did not expressly apply to people with juvenile adjudications and did not expressly impose criminal liability for failing to comply with the reporting requirements. *See id.* In 1991, the legislature enacted a statute that made it a crime for, among other things, a sex offender to fail to report following a change of address. *See* Or Laws 1991, ch 389, § 4(1), *compiled as a note after former* ORS 181.519 (1991). Whether the crime of failure to report was a misdemeanor or a felony depended upon the severity of the underlying offense: If the crime for which the person had to report was a misdemeanor, then a failure to report was a misdemeanor, and, if the crime for which the person had to report was a felony, then the failure to report was a felony. *See id.* However, failure by a sex offender to submit an annual report was only a violation, and not a crime, regardless of the nature of the underlying crime. *See id.* § 4(2). The reporting requirements and enforcement provisions in the 1991 version of the statutes, like the 1989 statutes, did not expressly contain reporting requirements for people with juvenile adjudications for sex crimes.

In 1995, the legislature amended the reporting statutes to include reporting requirements for people with juvenile adjudications for sex crimes. The 1995 law placed people with juvenile adjudications for sex crimes in the same

reporting regime as people who had adult convictions for sex crimes. *See former* ORS 181.595 (1995); *former* ORS 181.596 (1995) (adding people with juvenile adjudications for sex crimes to those subject to reporting requirements).[2] In light of the statutory scheme as a whole, we understand the legislature to have intended the crime of failing to report as a

---

[2] *Former* ORS 181.595 (1995) provided, in part:

"(1)(a) The official in charge of supervising a person shall obtain the address where the person will reside upon release and shall enter into the Law Enforcement Data System the person's name and description, a description of the methodology of the offense, the person's address and the originating code of the parole or probation agency that is located closest to the address of the person when the person:

"(A) Is discharged, paroled or released on any form of supervised or conditional release from a jail, prison or other correctional facility or detention facility in this state at which the person was confined as a result of:

"* * * * *

"(iii) *Having been found to be within the jurisdiction of the juvenile court for having committed a crime that if committed by an adult would constitute a sex crime;*

"* * * * *

"(2) Following discharge, release from active parole or other supervised or conditional release, the person shall provide, in writing, the address of the person to the Oregon State Police:

"(a) Within 30 days of a change of residence; and

"(b) Once each year regardless of whether the person changed address."

(Emphasis added.)

*Former* ORS 181.596 (1995) provided, in part:

"(1)(a) Except as otherwise provided in paragraph (b) of this subsection, the probation agency of the county in which a person intends to reside upon release shall enter into the Law Enforcement Data System the person's name and description, the description of the methodology of the offense, the address where the person expects to reside upon release and the originating code of the probation agency that is located closest to the address of the person when the person is released on probation:

"* * * * *

"(B) *By the juvenile court after being found to be within the jurisdiction of the juvenile court for having committed an act that if committed by an adult would constitute a sex crime;*

"* * * * *

"(3) Following discharge, release from active parole or other supervised or conditional release, the person shall provide, in writing, the address of the person to the Oregon State Police:

"(a) Within 30 days of a change of residence; and

"(b) Once each year regardless of whether the person changed address."

(Emphasis added.)

sex offender, *former* ORS 181.599 (1995), to apply to people with juvenile adjudications.[3]

As was true in 1991, in 1995, except for failing to file an annual report, the severity of the crime of failing to report as a sex offender was either a misdemeanor or a felony depending on the severity of the underlying crime: The crime of failure to report was a misdemeanor if the underlying crime triggering the reporting requirement was a misdemeanor, and the crime of failure to report was a felony if the underlying crime was a felony. *Former* ORS 181.599(1) (1995). Under that scheme, the legislature likely intended people with juvenile adjudications to come within one of those two categories—a person with an underlying misdemeanor crime or a person with an underlying felony crime— because, otherwise, *former* ORS 181.599 (1995) would not apply to them at all. Consequently, the legislature also intended the severity of the offense in the underlying juvenile adjudication to be used to determine the severity of the crime of failing to report. Thus, when enacted in 1995, for individuals with juvenile adjudications, the phrase in *former* ORS 181.599 (1995)—"if the crime for which the person is required to register is a felony"—referred to the severity of the underlying sex crime, regardless of whether the person was convicted as an adult or adjudicated as a juvenile.

Defendant nonetheless argues that, because *former* ORS 181.599 (1995) based the severity of the crime of failing to report as a sex offender on the severity of the underlying *crime*, the legislature did not intend for juveniles to be capable of committing the crime of failure to report. We

---

[3] *Former* ORS 181.599 (1995) provided:

"(1) A person who has knowledge of the registration requirement and who fails to make the initial registration or to register following a change of address as required by ORS 181.595 and ORS 181.596 or 181.597 (1) and (2) commits a:

"(a) Class C felony, if the crime for which the person is required to register is a felony; or

"(b) Class A misdemeanor, if the crime for which the person is required to register is a misdemeanor.

"(2) A person who has knowledge of the registration requirement and who fails to file the annual report required by ORS 181.595 and 181.596 or 181.597 (1) and (2) commits a violation."

disagree. Defendant's construction would lead to the conclusion that the legislature intended to require people with juvenile adjudications to report as sex offenders but not to be subject to *any* penalty for failing to do that. That was not the legislature's intention as expressed in the 1995 enactments that made sex-offender registration applicable to people with juvenile adjudications, which, in turn, made them subject to the criminal enforcement statute for failing to report. That understanding is also confirmed by the legislative history. *See* Exhibit D, Senate Committee on Judiciary, SB 1, Jan 26, 1995, at 24 (accompanying statement of Attorney General Theodore Kulongoski) ("Juveniles adjudicated for sex offenses should be required to register with the Oregon State Police under the same provisions that exist for adult sex offenders."); Exhibit A, House Judiciary Subcommittee on Juvenile Justice, SB 1, Apr 6, 1995, at 2 (accompanying statement of Assistant Attorney General Michael Livingston) ("[The bill makes] juvenile sex offenders subject to same registration requirements as adult sex offenders."). The text of those statutes, along with the legislative history, demonstrates a legislative intention to subject people with juvenile adjudications for sex offenses to the same enforcement provisions that apply to people with criminal convictions.

Moreover, to bring the state into compliance with the federal Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program, *former* 42 USC § 14071 (1996), *repealed by* Pub L 109-248, Title I, § 129(a), 120 Stat 600 (2006), the 1997 legislature modified the crime of failure to report as a sex offender. To be in compliance with the federal statute and to ensure that the state did not lose access to certain federal funds, all failures to report, including failure to submit the yearly report, had to be crimes. *See* Tape Recording, Senate Committee on Crime and Corrections, SB 1078, Apr 16, 1997, Tape 72, Side A (statement of Assistant Attorney General Erik Wasmann). Accordingly, the legislature amended the failure-to-report statute to make failure to file an annual report a misdemeanor crime instead of a violation. *See* Or Laws 1997, ch 538, § 6, *codified at former* ORS 181.599 (1997). Nothing in the 1997 legislative history suggests that the legislature

intended to alter the crime severity for failing to report for people with juvenile adjudications or to treat them differently from people with criminal convictions, particularly when the purpose of the 1997 enactment was to bring Oregon law into compliance with federal law, which required that *all* failures to report be crimes.

Finally, the 2011 legislature reordered the juvenile reporting requirements and thereby enacted the version of the statutes under which defendant was convicted. The 2011 amendment removed people with juvenile adjudications from the reporting statutes for people with criminal convictions and placed them in a separate reporting statute. *See* Or Laws 2011, ch 271, § 1, *codified at former* ORS 181.609 (2011). The crime of failing to report as a sex offender was amended, in turn, to include a reference to the new reporting statute that applies to people with juvenile adjudications, and, thus, it applies to people with juvenile adjudications who fail to comply with the reporting requirements. *See former* ORS 181.599 (2011) (referring to people with juvenile adjudications who are required to report as provided in *former* ORS 181.609 (2011)). The 2011 amendment did not alter the severity of the crime of failure to report as a sex offender in *former* ORS 181.599 (2011) for juvenile adjudications for sex crimes, and we are not aware of any legislative history from the 2011 enactment that indicates otherwise.

In addressing the application of *former* ORS 181.599 (2011) to this case, the parties rely on different aspects of the 2011 reporting statute for juvenile adjudications, *former* ORS 181.609 (2011).[4] To support his argument, defendant highlights instances in which the statute uses phrases

---

[4] *Former* ORS 181.609 (2011) provided, in part:

"(1) Unless the juvenile court enters an order under ORS 181.823 or 181.826 relieving a person of the obligation to report as a sex offender, subsections (2) to (4) of this section apply to a person:

"(a) Who has been found to be within the jurisdiction of the juvenile court under ORS 419C.005, or found by the juvenile court to be responsible except for insanity under ORS 419C.411, *for having committed an act that if committed by an adult would constitute a felony sex crime*; or

"(b) Who has been found in a juvenile adjudication in another United States court *to have committed an act while the person was under 18 years of age that would constitute a felony sex crime if committed in this state by an adult.*

that refer to juvenile adjudications that would constitute a crime if committed by an adult. For example, *former* ORS 181.609(1)(a) (2011) imposed reporting requirements on people who had "committed an act that if committed by an adult would constitute a felony sex crime." *See also former* ORS 181.609(1)(b) (2011) (using a similar phrase). Based on those references, defendant argues that the legislature knows how to refer unambiguously to juvenile adjudications for sex crimes, if that is what the legislature intended. He concludes that, because the legislature did not use that phrase, or a similar one, in *former* ORS 181.599 (2011), the legislature did not intend to treat the statutory offenses giving rise to juvenile adjudications as crimes for purposes of that statute.

The state responds by highlighting different language in the same reporting statute. In two subsections, the statute refers to a "juvenile adjudication for a felony sex crime." *Former* ORS 181.609(2)(a), (b) (2011). The state points out that the legislature was referring, in those paragraphs, not to a criminal conviction for a felony sex crime but to a juvenile adjudication for such a crime. Thus, according to the state, the enforcement provision must also be referring to the statutory offenses underlying an adjudication or conviction, regardless of whether the offense resulted in a juvenile adjudication or a criminal conviction.

We are not persuaded that the language that the legislature used in the reporting-requirement statute, *former*

---

"(2) A person described in subsection (1) of this section who resides in this state shall make an initial report, in person, to the Department of State Police, a city police department or a county sheriff's office as follows:

"(a) If, *as a result of the juvenile adjudication for a felony sex crime*, the person is discharged, released or placed on probation or any other form of supervised or conditional release by the juvenile court, the person shall make the initial report in the county in which the person is discharged, released or placed on probation or other form of supervised or conditional release, no later than 10 days after the date the person is discharged, released or placed on probation or other form of supervised or conditional release;

"(b) If, as a result of the *juvenile adjudication for a felony sex crime*, the person is confined in a correctional facility by the juvenile court, the person shall make the initial report in the county in which the person is discharged or otherwise released from the facility, no later than 10 days after the date the person is discharged or otherwise released from the facility[.]"

(Emphases added.)

ORS 181.609 (2011), indicates that the 2011 legislature intended to alter the severity of the crime of failure to report as a sex offender in *former* ORS 181.599 (2011). Although *former* ORS 181.609 (2011) provides some context because it is part of the same statutory scheme, there is nothing in it that suggests that the legislature intended to alter how the crime of failing to report as a sex offender in *former* ORS 181.599 (2011) would apply to people with juvenile adjudications. To the contrary, we ordinarily will not consider subsequent statutory enactments as bearing on the intention of the legislature in enacting an earlier statute. *See State v. Gaines*, 346 Or 160, 177 n 16, 206 P3d 1042 (2009) ("Ordinarily, only statutes enacted simultaneously with or before a statute at issue are pertinent context for interpreting that statute."); *Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995) ("The proper inquiry focuses on what the legislature intended at the time of enactment and discounts later events."). Here, the 2011 legislature left unchanged the relevant language in the enforcement statute that the 1995 legislature had made applicable to people with juvenile adjudications for sex crimes who fail to report.

In sum, the 1995 and 1997 enactments evince a legislative intention that the phrase "the crime for which the person is required to report" in *former* ORS 181.599(3)(b)(B) (2011) refers to the sexual offense for which a person is convicted as an adult or adjudicated as a juvenile. Thus, failing to report a move to a new residence and new address is a felony if the underlying sexual offense for which a juvenile has been adjudicated would have been a felony in Oregon had it been committed by an adult. Here, defendant stipulated that the sexual offense for which he was adjudicated as a juvenile would have been a felony had it been committed by an adult. Hence, the trial court did not err by denying defendant's motion for a judgment of acquittal of the crime of felony failure to report as a sex offender.

Affirmed.